IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDISON BREWING COMPANY LLC,<br>an Ohio limited liability company,<br><br>Plaintiff<br><br>v.<br><br>GOURMET FRESH LLC,<br>an Ohio limited liability company,<br><br>Defendant. | Case No. _21-876_____<br><br>**VERIFIED COMPLAINT**<br><br>**Trial By Jury Demanded** |

Plaintiff Edison Brewing Company LLC ("Edison"), by and through counsel and for its Verified Complaint against defendant Gourmet Fresh LLC ("GF"), states and alleges the following:

## <u>NATURE OF THE ACTION AND INTRODUCTION</u>

1.      Edison seeks injunctive and monetary relief for ongoing and escalating trademark infringement and unfair competition under the laws of the United States, Title 15, United States Code (the "Lanham Act"); and for acts of trademark infringement, unfair competition, and deceptive trade practices under applicable Ohio law.

2.      After years of planning and tremendous investment, Edison launched its venue and brewery last year to significant fanfare.  It built a name for itself during times that have been unusual and challenging in its industry.  Despite extensive branding efforts and publicity, it

recently learned that GF plans to open a competing business this summer under the identical name—Edison—a mere ten miles away. GF's marketing for its contemplated venue has already caused actual consumer confusion. In an effort to mitigate confusion and protect its rights in its EDISON mark, Edison notified GF of the infringement but GF has failed and refused to cease use of the EDISON mark in its presales activity, leaving Edison no alternative to this action.

## PARTIES AND JURISDICTION

3.      Plaintiff, Edison Brewing LLC, is an Ohio limited liability company having a business address at 785 Science Blvd, Gahanna, OH 43230.

4.      On information and belief, Defendant, Gourmet Fresh LLC, is an Ohio limited liability company with its registrant address at 23 E. College Avenue, Westerville, OH 43081 and having a business address at 651 Lakeview Plaza Blvd Suite C, Worthington, OH 43085. GF's contemplated "Edison" venue is located at 777 N. 4th Street, Columbus, OH 43215.

5.      Because Edison's claims include its rights arising under the Lanham Act (15 U.S.C. § 1051 *et seq.*), the Court has subject matter jurisdiction over Edison's trademark infringement claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b). Supplemental jurisdiction is proper under 28 U.S.C. § 1367 because Edison's state law claims form part of the same case and controversy, and arise from the same nucleus of facts, as Edison's Lanham Act claims.

6.      Through its business operations in this district, and by threatening Edison in this district, GF is subject to the Court's personal jurisdiction.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2). Venue is proper in this division pursuant to S.D. Ohio Civ. R. 82.1(b).

## FACTS RELEVANT TO ALL CLAIMS

**Edison Developed Rights in the EDISON Mark Through Its Bona Fide Use in Commerce**

8.     Edison spent nearly three years of planning, construction, and branding—including efforts to deliberately protect its rights in its trademarks and service marks.  It opened its doors to its customers, in spite of the challenges presented by the SARS-CoV-2 novel coronavirus pandemic, to substantial fanfare on August 4, 2020.

9.     Edison's venue and brewery in Gahanna, Ohio, a suburb immediately adjacent to Columbus, was highly anticipated by the regional press and consumers.  Through hard work and clever pandemic mitigation efforts, Edison has met and exceeded its community's expectations and enjoyed early success in its run.  Edison has received considerable media attention and drives substantial web traffic, averaging well over 1,600 hits per day on its Google business site alone in February 2021.

10.     Edison operates and uses its EDISON mark in interstate commerce, and already serves customers from all around the country.  Groups outside Ohio find Edison, among other means, through their participation in the national "Harvest Hosts" program (permitting camping and recreational vehicle parking at their venue) and the Columbus Ale Trail.

11.     Edison has taken careful steps to protect its brand.  In 2017, Edison first applied for federal trademark protection of the EDISON mark, thereby establishing under 15 U.S.C. § 1057(c) its "constructive use" and priority over any later users of the mark who might cause a likelihood of confusion with Edison.  Edison received its first federal trademark registration for EDISON in 2020 (*see* Ex. 1), and has another federal trademark application for its EDISON mark pending.  Through its use in commerce since launching, Edison has common law

trademark and service mark rights in the EDISON mark that extend beyond the descriptions of goods and services in its federal filings.

12.     More than making beer, Edison is a venue.  It offers booking of small and large spaces within the 5,000-square-foot brewery.  This indoor space and the 125-seat beer garden offers perfect accommodations for corporate happy hours, parties, fundraisers, and all natures of special events such as bridal or groom parties, bar mitzvahs, and baby showers.  The use of brewery campuses as event venues is nothing new, and most of Ohio's top craft beer makers book special events—even formal events like weddings—at their breweries.  Within the constraints of the pandemic, Edison offered its customers private event bookings and was hosting special events at the brewery within a month of its opening.  Edison invested (and continues to invest) significant time, effort, and expense developing its brand and destination.  The results of these expenditures are that Edison thrived, established itself as an ideal location for special events, and became well-known during a time when so many in the industry faltered.

13.     In sum, Edison has overtly made clear to the public its interest in the EDISON mark, and claimed its rights thereto in conjunction with not only "beer" but also as a venue for private and public social events, through its conspicuous efforts to begin and maintain use in commerce during a pandemic year.  Based on its use of the EDISON mark, Edison has developed name recognition, value, and goodwill in its use of the EDISON mark.

**GF Has No Rights in Any EDISON Mark**

14.     On information and belief, Defendant GF is a catering company based out of Worthington, Ohio, a suburb north of Columbus.  GF advertises itself as the exclusive caterer for The FIG Room in Columbus and three wedding venues in suburbs 12-22 miles from downtown Columbus.

15.     GF seeks to open (but has not yet opened) a new venue called "Edison" (or, depending on where one looks, "Edison 777") at 777 N. 4th Street in Columbus.

16.     As of the filing of this complaint, the building in which GF intends to launch its "Edison" venue is still under construction.  By its own admission, GF will not begin operating its venue at 777 N. 4th Street until at least the summer of 2021.  As of January 6, 2021, GF described its venue as "a mess" in which they were still attempting to route plumbing:  "Current status:  it is a mess [] but in the best possible way because we are getting the plumbing routed for the new restrooms, bar and kitchen!"



17.     Despite the inability to provide "event venues or catering" at its "Edison" venue, GF filed a trade name registration with the Ohio Secretary of State for the name EDISON 777 on October 12, 2020, alleging that it first used the EDISON 777 name in conjunction with "event venues and catering" no later than October 1, 2020.



18.     This trade name certificate of registration confers no trademark rights on GF of any kind.  As of October 1, 2020, GF was not rendering any services in commerce and to this day, is still only engaged in pre-sales activity.

19.     In sum, despite having at least constructive knowledge of Edison's trademark rights, GF plowed forward with its plans to use the EDISON mark.  GF has not yet established a *bona fide* rendering in commerce of "event venues and catering" services under the EDISON mark, but its activities in commerce to date are causing actual confusion in the marketplace.

**GF's Pre-Sales Activities Using the EDISON Mark**

20.     GF has developed an internet presence using the EDISON mark on its website and in social media.  Its website at edison777.biz prominently announces EDISON in a fixed banner at the top that is visible at all times browsing the website.[1]



---

[1] *See* Edison777 - Modern Wedding and Event Venue in Columbus, Ohio, *available at* https://edison777.biz/ (last visited February 17, 2021).

21.     This top-left positioning on GF's edison777.com (below, top) is similar to how

Edison positions its EDISON mark on its website at drinkedison.com (below, bottom).





22.     As shown hereafter, both parties' web presences feature the brick, "electrical building" style of their venues.





23.    GF maintains "Edison" pages on Facebook.[2]



24.    GF also maintains an "Edison" page on Instagram.[3]



25.    Either through GF's own efforts or those of third parties, GF's contemplated "Edison" venue is featured on the wedding planning website, The Knot.[4]



26.    There is also an entry on Google Maps[5] for GF's "Edison," with a 5-star review that purports to be from John A. Brooks that reads "Italian Village - Summer 2021."  On

---

[2] *See* Edison777 | Facebook, *available at* https://www.facebook.com/theedison777 (last visited February 19, 2021).
[3] *See* Edison 777 (@theedison777) - Instagram photos and videos, *available at* https://www.instagram.com/theedison777/ (last visited February 19, 2021).
[4] Edison | Reception Venues - The Knot, *available at* https://www.theknot.com/marketplace/edison-columbus-oh-2042005 (last visited February 19, 2021).
[5] Edison - Google Maps, *available at* https://goo.gl/maps/K8rdC4ohsVc96bqN6 (last visited February 19, 2021).

information and belief, John A. Brooks is the organizer of and statutory agent for GF and the individual who filed the premature Ohio trade name registration for "Edison 777."



27.     GF is also using the EDISON mark in print advertising.  A full-page advertisement for GF's "Edison," prominently using the EDISON mark, appeared in the Spring/Summer 2021 Columbus Weddings magazine.



28.     The building at 777 N. 4th Street (GF's rendering hereafter at left below) is a brick center-entry modern industrial style building, similar to Edison's building (pictured hereafter at right below).  Both share similar roof lines, red brick structures with a contrasting base below the brick, center entry double doors flanked by windows, dark windowpanes, focal symmetrical focal points above and around the door, accent lighting on the brick adjacent the door, high ceilings and exposed structural elements on the interior, *et cetera*.



29.     GF advertises to host all kinds of parties and events.  Its website includes tabs for "Weddings," "Corporate," and "Social" bookings.  The "Social" page sets forth nearly every conceivable type of party among their services offerings.

**Social Event Amenities**

Additional events we host:

- Fundraisers
- Holiday Parties
- Graduation Parties
- Baby Showers
- Bridal Showers
- Rehearsal Dinners
- Bar/Bat Mitzvahs
- Birthday Parties
- Engagement Parties

30.     GF advertises that its "All-Inclusive Reception Options" offer "Open Bar for Beer & Wine"[6] and emphasizes its planned "built-in statement bar with reclaimed bar front."[7]



31.     The street numbers of both buildings are similar in that they are both three-digit numbers with a leading "7;" Edison located at 785 Science Boulevard, and GF's "Edison" located at 777 N. 4th Street.

32.     Consumers and vendors have already been confused by GF's promotions and internet presence invoking the EDISON mark.  In one instance, a family seeking to book a bar mitzvah party with Edison was late to their appointment after traveling to GF's location only to find it was not the "Edison" they sought.  This family specifically noted that the businesses were difficult to distinguish and that the buildings looked similar.  In another instance, an engaged couple seeking to investigate GF's site—having found it on the "Edison site" on The Knot—and were well underway in their tour of the brewery before Edison staff clarified that they were a separate venue and that GF is not affiliated with Edison.  A custom merchandise sales

---

[6] Wedding Reception Packages and Pricing | Downtown Columbus, OH, *available at* https://edison777.biz/weddings/packages/ (last visited February 19, 2021).  *See also* FAQ - Edison777, *available at* https://edison777.biz/faq/ (last visited February 19, 2021).

[7] Edison777 - Modern Wedding and Event Venue in Columbus, Ohio, *available at* https://edison777.biz/ (last visited February 19, 2021).

representative who is an actual Edison customer, having patronized Edison several times prior, came to Edison to pitch the business for her marketing materials and swag after seeing "Edison's" entry on The Knot (which actually corresponds to GF's 777 N. 4th Street building). Edison is also aware of at least two instances where vendors—its social media consultant and web designer and a photographer who took photos for Edison but mostly works weddings—were confused with a mistaken belief that GF's promotions and/or contemplated venue were, or were affiliated with, Edison.

33.    GF continues to advertise and market, operate websites and social media that advertise and market, and/or cause others to operate websites and social media that advertise and market its venue at 777 N. 4th Street under the EDISON mark.

**Edison's Efforts to Resolve Infringement and Mitigate Confusion**

34.    As described above, this dispute arises from GF's promotional use of Edison's EDISON mark in furtherance of its preliminary efforts to launch a venue under the EDISON mark a mere ten miles from Edison's campus.  GF's building is in fact closer to Edison than it is to GF's own offices.

35.    On January 15, 2021, Edison's undersigned counsel informed GF in writing of its rights and instructed GF to cease their use of EDISON.  GF's counsel refused this demand and stated that GF would open its "Edison" venue as planned notwithstanding Edison's rights and concerns regarding consumer confusion.

36.    Though fully informed of Edison's rights in the EDISON mark, GF's lack of rights in any EDISON mark, and instances in which consumers and vendors were actually confused as to the ownership and sponsorship of GF's contemplated venue, GF has flatly refused to reconsider its infringing use of the EDISON mark in its marketing and social media, and has

stated it will open under this name as planned notwithstanding Edison's rights or consumer confusion.

**GF Infringes Edison's Valid EDISON Mark in Violation of Federal and State Law**

37.     EDISON is a strong mark used in conjunction with Edison's goods and services.

38.     There is no dispute that GF has not provided any catering or hosted any event under the name "Edison," and that the building at 777 N. 4th Street will not open for business for several months.  GF looks to adopt an identical (or legally indistinct, if they append "777") mark for use in conjunction with service offerings that are often identical and in all cases related to those already offered by Edison under the EDISON mark.

39.     GF's use of the EDISON mark is likely to cause consumer confusion.  Edison already offers event venue services under the EDISON mark, and GF is seeking to compete directly as to these services.  GF is also likely to cause confusion with beer offerings under the EDISON mark, as event venue and catering services serve beer and so these goods and services are strongly related.

40.     GF indeed already has caused actual consumer confusion despite the fact that GF's venue is not scheduled to open for months.  As people start attending the weddings GF claims to have booked for later this year, confusion among attendees is a real likelihood, not just the customers who book the space.  Such behavior runs afoul of the Lanham Act, Ohio Deceptive Trade Practices law, and common law unfair competition.

41.     Edison is suffering, and will suffer more, irreparable harm if GF's infringing and unfair actions continue in the marketplace.  GF's continued use of the EDISON mark after receiving Edison's demand to stop is intentional, willful infringement.  No amount of money could compensate Edison for the harm to its reputation and goodwill associated with its business.

GF's infringing use directly undermines the legitimately developed rights in the EDISON mark that Edison depends on to operate its business.  Plaintiffs are entitled to a presumption of irreparable harm if the Court finds a likelihood of success on the merits or violation of specified trademark rights.  15 U.S.C. § 1116(a).

<u>**FIRST CLAIM FOR RELIEF**</u>
**Infringement of Unregistered Marks and**
**Federal Unfair Competition (15 U.S.C. § 1125(a))**

42.     Edison realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth here.

43.     Edison, by virtue of its actual use in commerce following considerable investment and exertion, has acquired significant trademark rights in the EDISON mark in connection with event venue services (among other goods and services).

44.     Edison's EDISON mark is inherently distinctive when used in conjunction with event venue services, as well as other goods and services with which Edison uses its EDISON mark.

45.     GF is unlawfully using and will continue to use the EDISON mark in connection with the promotion and marketing of contemplated event venue and catering services in at least the State of Ohio without authorization or license from Edison.

46.     GF's purported use of the EDISON mark in connection with the promotion and marketing of contemplated event venue and catering services is likely to confuse consumers regarding the locations of the venues, and is likely to confuse consumers to believe that GF's event venue at its 4th Street venue or related catering services are provided by, sponsored by, connected to, affiliated with, or associated with Edison, when in fact they are not.

47.     Pursuant to 15 U.S.C. § 1117(a), Edison should be awarded its damages sustained as well as its reasonable attorney's fees and costs.

48.     Edison's remedies under 15 U.S.C. § 1117(a) are not sufficient to fully protect its continuing interest in preserving and protecting the EDISON mark against future infringement by GF.  Edison is accordingly entitled to an injunction against GF's continued or future use of the EDISON mark, or any colorable imitation or confusingly similar variation of the mark, under 15 U.S.C. § 1116.  Edison is also entitled to an injunction prohibiting any other infringing use or unfair competition by GF in connection with the EDISON mark.  Irreparable harm is presumed under 15 U.S.C. § 1116(a) if this Court finds that Edison has a likelihood of success on the merits or finds a violation of Edison's rights.

**SECOND CLAIM FOR RELIEF**
**Infringement of Federally Registered Trademark (15 U.S.C. § 1114)**

49.     Edison realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth here.

50.     The United States Patent and Trademark Office granted Edison a registration for its EDISON mark covering beer.

51.     GF advertises that its "All-Inclusive Reception Options" offer "Open Bar for Beer & Wine" and emphasizes its planned "built-in statement bar."

52.     GF is unlawfully using and will continue to use the EDISON mark in connection with the promotion and marketing of contemplated drink services and beer sales in at least the State of Ohio without authorization or license from Edison.

53.     GF's purported use of the EDISON mark in connection with the promotion and marketing of contemplated drink services and beer sales is likely to confuse consumers to believe

that GF's drink services and beer available at GF's 4th Street venue are provided by, sponsored

by, connected to, affiliated with, or associated with Edison, when in fact they are not.

54.     Pursuant to 15 U.S.C. § 1117(a), Edison should be awarded its damages sustained

as well as its reasonable attorney's fees and costs.

55.     Edison's remedies under 15 U.S.C. § 1117(a) are not sufficient to fully protect its

continuing interest in preserving and protecting the EDISON mark against future infringement

by GF.  Edison is accordingly entitled to an injunction against GF's continued or future use of

the EDISON mark, or any colorable imitation or confusingly similar variation of the mark, under

15 U.S.C. § 1116.  Edison is also entitled to an injunction prohibiting any other infringing use or

unfair competition by GF in connection with the EDISON mark.  Irreparable harm is presumed

under 15 U.S.C. § 1116(a) if this Court finds that Edison has a likelihood of success on the

merits or finds a violation of Edison's rights.

<u>THIRD CLAIM FOR RELIEF</u>
**Ohio Deceptive Trade Practices (Ohio Rev. Code Ann. § 4165.02)**

56.     Edison realleges and incorporates by reference the allegations contained in the

foregoing paragraphs as if fully set forth here.

57.     The EDISON mark is understood to owe its goodwill and value to Edison.

Edison does not permit third parties to use its EDISON mark.

58.     GF's purported uses of the EDISON mark as set forth above cause a likelihood of

confusion or misunderstanding as to the source, sponsorship, and approval of its services, and/or

cause a likelihood of confusion or misunderstanding as to the affiliation, connection, or

association of its services with Edison.

59.     GF's marketing, promotion, and operation of web sites and social media under

Edison's EDISON mark, as well as its false representations that it possess rights in the EDISON

mark, cause a likelihood of confusion that GF's services have the sponsorship or approval of

Edison, though neither GF nor its services have sponsorship, approval, status, affiliation, or

connection with Edison.

60.     Pursuant to Ohio Rev. Code § 4165.03(A), Edison is entitled to injunction against

GF's deceptive trade practices relating to the EDISON mark; damages stemming from GF's

deceptive trade practices; and its reasonable attorney's fees.

## FOURTH CLAIM FOR RELIEF
### Ohio Common Law Unfair Competition

61.     Edison realleges and incorporates by reference the allegations contained in the

foregoing paragraphs as if fully set forth here.

62.     By seeking to launch an "Edison" venue for special events, GF is in direct

competition with Edison's event venue services.

63.     GF infringed Edison's EDISON mark, and continues to infringe Edison's

EDISON mark despite being alerted of actual confusion and Edison's rights.  GF's actions

constitute unfair competition under the common law of the State of Ohio.

64.     Due to GF's conduct, Edison has suffered and will continue to suffer irreparable

harm.  It would be difficult determine an amount of money damages that would afford Edison

adequate relief form GF's past, current, and future actions.  Edison's remedy at law is not

adequate to compensate for the injuries GF already inflicted and those it further threatens.

Accordingly, Edison is entitled to temporary, preliminary, and permanent injunctive relief.

65.     At least as of its receipt of Edison's first letter, GF has been aware of Edison's

rights to the EDISON mark, and has continued on its course of escalating infringement and

unfair competition.  At least as of that date—although it is hard to believe a longtime industry

participant would not be aware of Edison's launch before then—GF's conduct has been

intentional and willful, in conscious disregard of Edison's rights to the EDISON mark. Edison is therefore entitled to exemplary or punitive damages under the common law of the State of Ohio.

## PRAYER FOR RELIEF

WHEREFORE, Edison prays for judgment in its favor against Edison as follows:

(a) That judgment be entered in favor of Edison against GF on each claim made in this Complaint;

(b) That Edison is granted a preliminary injunction and permanent injunction prohibiting GF from:

(1) using the EDISON mark in connection with event venue, special event, entertainment, libation, and catering services;

(2) engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, potential purchasers, GF's consumers, and/or members of the public, to believe that the actions of GF, the products or services offered or sold by GF, or that GF or any in concert with GF, are sponsored, approved, or licensed by Edison, or are in some way connected or affiliated with Edison or any of its subsidiaries or assets; and/or

(3) otherwise competing unfairly with Edison in any manner in connection with the EDISON mark;

(c) That GF be held to account for and pay to Edison all damages that Edison has suffered as a result of the wrongful conduct alleged above;

(d) That Edison be awarded its attorney's fees and costs to the fullest extent allowed under the common law and the provisions of 15 U.S.C. § 1117(a) and Ohio Rev. Code § 4165.03(A)(1);

(e)     That damages resulting from GF's infringement of Edison's EDISON mark be trebled pursuant to 15 U.S.C. § 1117(a);

(f)     That exemplary or punitive damages be imposed under the common law of the State of Ohio;

(g)     That Edison be awarded prejudgment interest on any damages awarded;

(h)     That Edison be awarded post-judgment interest on the foregoing sums at the maximum rate permitted by law from the date judgment is entered until paid;

(i)     That GF's Ohio trade name registration for EDISON 777 with the Ohio Secretary of State be canceled; and

(k)     That Edison be awarded such other and further relief as the Court deems equitable, just, and appropriate.

## JURY DEMAND

Edison respectfully demands a trial by jury on all issues and counts so triable.


Dated: March 1, 2021                         Respectfully submitted,

                                             BAKER & HOSTETLER LLP


                                             *s/Deborah Wilcox*
                                             Deborah Wilcox (Ohio State Bar No. 0038770)
                                             Trial Attorney
                                             dwilcox@bakerlaw.com
                                             Brendan Clark (Ohio State Bar No. 0085634)
                                             bclark@bakerlaw.com
                                             BAKER & HOSTETLER LLP
                                             127 Public Square, Suite 2000
                                             Cleveland, OH 44114
                                             Telephone:     216.621.0200
                                             Facsimile:     216.696.0740
                                             Attorneys for Plaintiff

                                             Kevin Kirsch (Ohio State Bar No. 0081996)

kkirsch@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Telephone:     614.228.1541
Facsimile:     614.462.2616
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDISON BREWING COMPANY LLC,
an Ohio limited liability company,

Plaintiff

v.

GOURMET FRESH LLC,
an Ohio limited liability company,

Defendant.

Case No.    21-876

**DECLARATION**

## <u>VERIFICATION</u>

I, Wil Schulze, am the owner of Edison Brewing Company LLC, the Plaintiff in this action. I have read the Verified Complaint to be filed in this action and know the allegations and contents thereof. The same are true and correct to the best of my knowledge, information, and belief based upon my personal knowledge and information obtained from information, documents, or both related to my business or available through the Defendant Gourmet Fresh LLC's website and advertising.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on march 1, 2021 in Gahanna, Ohio.

Wil Schulze