IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDISON BREWING COMPANY LLC,

    Plaintiff,

  v.

GOURMET FRESH LLC,

    Defendants.

Case No. 2:21-cv-876
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on Plaintiff (Counter-Defendant) Edison Brewing Company LLC's ("Edison Brewing Company") (1) Motion to Dismiss Defendant Gourmet Fresh's ("Defendant" or "Gourmet Fresh") Counterclaim under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 43); and (2) Motion to Strike Defendant's Affirmative Defenses Nos. 2-8 (the "Motion to Strike") (ECF No. 52), both of which have been fully briefed. For the reasons set forth below, the Court **DENIES** Edison Brewing Company's Motion to Dismiss (ECF No. 43) and **GRANTS IN PART** and **DENIES IN PART** its Motion to Strike (ECF No. 52).

**I. BACKGROUND**

On June 16, 2021, Edison Brewing Company filed its Second Amended Complaint (the "Complaint") against Gourmet Fresh. (ECF No. 45.) Its suit, in sum, asserts federal trademark infringement and other related, Ohio law claims against Gourmet Fresh for its use of an EDISON mark in marketing a wedding venue. (*Id.*). In response, Gourmet Fresh had timely answered Plaintiff's allegations and plead eight affirmative defenses. (ECF No. 50.) These defenses state:

    1. The Complaint fails to state a cause of action upon which relief can be granted.

2. The Complaint fails because the EDISON mark is too weak and diluted.

3. The Complaint fails because Gourmet Fresh was first to use the mark.

4. The Complaint is barred for lack of standing.

5. The Complaint fails to join all necessary and indispensable parties.

6. The Complaint is barred by Plaintiff's unclean hands.

7. The Complaint is barred by Plaintiff's failure to mitigate their damages.

8. The Complaint is barred by waiver.

(ECF No. 50.)

Gourmet Fresh filed the counterclaim at issue as part of its Amended Answer to Plaintiff's First Amended Complaint (ECF No. 38), to which it later made an insubstantial amendment (ECF No. 50). The company seeks declaratory judgment, pursuant 28 U.S.C. §§ 2201, that it has established common law rights to an EDISON mark for use with private event hosting and catering services and was first to do so between the parties. (*Id.*) Taken as true, Gourmet Fresh alleges the following facts:

Gourmet Fresh provides private event hosting services for weddings, corporate events, and other purposes at a venue named "Edison777" or "Edison at Italian Village" in Columbus, Ohio. (*Id* at ¶ 1, 7.) The private event hosting services are "all-inclusive," such as preparing and providing the venue space and providing food tastings, among other services. (*Id.* at ¶ 21). Edison Brewing Company is a brewery that brews and sells beer on site in Gahanna, Ohio. (*Id.* at ¶¶ 3, 8.) It does not rent out space for events or have a kitchen and sell food. (*Id.* at ¶¶ 10-12.)

In January 2021, Gourmet Fresh received a letter from Edison Brewing Company demanding that it "immediately cease and desist all infringement of the EDISON mark in conjunction with your proposed event venue and voluntarily cancel your state trade name

registration." (*Id.* at ¶ 13.) Gourmet Fresh does not believe it has engaged in any infringement, and the two parties exchanged correspondence voicing their disagreement on the issue, culminating in Edison Brewing Company filing suit. (*Id.* at ¶¶ 14-17.) As part of the action, Edison Brewing Company sought a preliminary injunction to prevent Gourmet Fresh from using the word "Edison" in its marketing. (*Id.* at ¶ 24.)

This Court, as Gourmet Fresh notes, denied issuing a preliminary injunction, holding that as of the preliminary injunction hearing, Edison Brewing Company had not proven that its ownership rights of the EDISON mark extended into private venue services. (*Id*. at ¶ 102.) At the preliminary injunction hearing, Gourmet Fresh showed that on December 16, 2020, it entered into its first contract to host a wedding at the Edison777 venue and took a thousand-dollar deposit to secure the wedding date. (ECF No. 37 at PageID #1277.) The company also showed social media accounts for the Edison777 venue and advertisements for it on The Knot and The Wedding Wire. (*Id.*) In a bid to show likelihood of confusion, Edison Brewing Company produced evidence that a couple scouting wedding reception venues and a merchandise seller saw those advertisements. (*Id.* at PageID #1278.)

### III. GOVERNING LEGAL STANDARD

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12 allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the" plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Accepting all the plaintiff's factual allegations as true, the Court construes the complaint in the light most favorable to the non-moving party when considering a Rule 12(b)(6) motion. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

The Court must read Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8(a), requiring a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, the pleading's factual allegations, assumed to be true, must do more than create mere speculation or suspicion of a legally cognizable claim; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). As part of the 12(b)(6) inquiry, the Court considers the content of the complaint, as well as items appearing in the case record mentioned therein and central to its claims. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *E.E.O.C. v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993).

**B. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *AT & T Global Info. Solutions Co. v. Union Tank Car Co.,* No. C2–94–876, 1997 WL 382101, at *1 (S.D. Ohio Mar.31, 1997) (citing *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953)). The action of striking a pleading should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp.,* 201 F.2d at 822.

A defense is insufficient if it cannot succeed under any circumstances. *Id.* Whether or not the plausibility standard applies to affirmative defenses still remains unresolved; some district courts in this Circuit apply a heightened pleading standard, while others do not. *Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014) (collecting cases). "Because the Supreme Court and the Sixth Circuit have not expressly held that heightened pleading applies to defenses, the Court declines to do so here." *Id.*; *see also Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir.2006) ("[A]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.").

## IV. ANALYSIS

### A. Motion to Dismiss

Ownership and rights to a trademark stem from priority, and priority to a trademark is established "as of the first actual use of [the] mark" in commerce. *Allard Enters., Inc. v. Advanced Programming Resources, Inc.*, 146 F.3d 350, 358 (6th Cir.1998). Under the Lanham Act, "[t]he term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127. The test for "use in commerce" centers on whether "the use was sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." *Mountain Top Beverage Group, Inc., v. Wildlife Brewing N.B., Inc.*, 338 F.Supp.2d 827, 835 (S.D. Ohio 2003), *aff'd* 432 F.3d 651 (6th Cir. 2005) (adopted verbatim).

Edison Brewing Company asserts that Gourmet Fresh did not—indeed, cannot—allege facts that Gourmet Fresh made actual use of the EDISON mark in commerce. (ECF No. 43.) As stated in § 1127, a mark for services is used in commerce only when it is both used or displayed

5

in the sale or advertising of services and "the services are rendered." *E.g.*, *Couture v. Playdom, Inc.*, 778 F.3d 1379, 1381 (Fed. Cir. 2015). Since the Edison777 venue remained under construction at the time priority is sought, Edison Brewing Company argues, Gourmet Fresh cannot possibly have rendered services necessary to constitute use of the EDISON mark in commerce. (ECF No. 43 at PageID 1387). This Court disagrees.

The Sixth Circuit does not necessarily require that a party render a marked service all the way through to total completion to establish "use in commerce." *Allard*, 146 F.3d at 359 (finding sufficient use where a claimant offered its services to potential customers through numerous solicitations bearing the mark). Use in commerce simply requires a "genuine commercial transaction" or an "attempt[] to complete [a] genuine commercial transaction[]." *Id.* at 358-59. Though use need not be "extensive," it must be "consistent and continuous" and "sufficiently public," meaning directed to the relevant class of purchasers or prospective purchasers. *Id.*; *Cir. City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1055 (6th Cir. 1999).

Gourmet Fresh alleges that it first used the EDISON mark in commerce no later than December 16, 2020, when it entered into its first contract to host a wedding at the Edison777 venue. (ECF No. 50 at ¶ 20.) As mentioned in the counterclaim, this Court previously held that as of the preliminary injunction hearing, Edison Brewing Company had not established its ownership rights of the EDISON mark extended into private venue services. (*Id.* at ¶ 24.) At that hearing, Gourmet Fresh produced evidence that it took a thousand-dollar deposit as part of its first contract to secure the date of the event. (ECF No. 37 at PageID #1277.) The company not only provides the Edison777 venue, the counterclaim states, but also provides "food tastings and helping clients select the food," among other services. (ECF No. 50 at ¶ 21.)

6

Gourmet Fresh further alleges to have made "open and notorious" use of an EDISON mark when "booking several contracts for private venue event hosting services." (*Id.* at ¶¶ 25-26.) Gourmet Fresh displayed the EDISON mark on social media accounts for its venue and in advertisements on The Knot and The Wedding Wire. (ECF No. 37 at PageID #1277). Further, Edison Brewing Company produced evidence that certain potential Gourmet Fresh customers—including a merchandise seller and a couple scouting wedding reception venues—had seen those advertisements and inquired about the offered services. (*Id.* at PageID #1278).

Taken as true, the above facts allow this Court to reasonably infer that Gourmet Fresh may have priority between the parties to use the EDISON mark in private event hosting and catering services. Accepting a significant deposit from a customer to secure a date at a private venue—let alone entering "several" contracts with customer to host private events there—could qualify as a genuine commercial transaction, or at the very least an attempt at one. So too could a food tasting. The advertisements for the venue could constitute open and continuous use of the EDISON mark.

Since this Court is reviewing for dismissal, it need not leave the conditional tense. The Court passes no judgment on the underlying priority issue. But there is no reason, at this stage, to find that Gourmet Fresh's use of the mark was so incomplete, internal, sporadic, or non-public as to render acquiring priority impossible, as alleged. *See Mountain Top Beverage Group,* 338 F.Supp.2d at 835 (finding insufficient use with no public sales); *Kelly Services, Inc. v. Creative Harbor, LLC*, 124 F.Supp.3d 768, 776 (E.D. Mich. 2015) (finding insufficient use where mobile app only submitted to third-party review service, not the public). Gourmet Fresh's counterclaim for declaratory judgment is thus sufficiently plausible to survive Edison Brewing Company's Rule 12(b)(6) motion.

**B. Motion to Strike**

Edison Brewing Company argues that all but the first of Gourmet Fresh's affirmative defenses should be stricken either because they do not meet the heightened pleading standards under *Twombly* or because they are not actually affirmative defenses. To the first point, Edison Brewing Company is incorrect. This Court does not apply heightened pleading standards to affirmative defenses, but rather the "fair notice" standard in accordance with current Sixth Circuit law. *Montgomery v. Wyeth,* 580 F.3d 455, 468 (6th Cir.2009) (holding after *Iqbal* and *Twombly* that defendant's pleading of repose defense sufficed under "fair notice" standard and that the "Federal Rules of Civil Procedure do not require a heightened pleading standard for a statute of repose defense"); *Sprint*, 2014 WL 5469877, at *2; *Brown & Williamson,* 201 F.2d at 822.

**1. Gourmet Fresh's Second, Third, and Fourth Affirmative Defenses**

After reviewing the Answer, this Court does find that Gourmet Fresh's second, third, and fourth affirmative defense should be stricken. In its second and third affirmative defense, Gourmet Fresh states "Plaintiff cannot show that it used the term EDISON in connection with private venue or private event hosting services before" it did. But the issues of trademark strength and first use raise factual questions that could negate elements of Edison Brewing Company's claim that it must prove, and therefore they fall outside of Rule 8(c)'s affirmative defenses. *See Ford Motor Co. v. Transp. Indent. Co.,* 795 F.2d 538, 546 (6th Cir.1986) ("[S]ome defenses negate an element of the plaintiff's *prima facie* case; these defenses are excluded from the definition of affirmative defense in Fed.R.Civ.P. 8(c).") (citation omitted); *Dynasty Apparel Indus. Inc. v. Rentz,* 206 F.R.D. 603, 606 (S.D. Ohio 2002).

In its fourth affirmative defense, Gourmet Fresh asserts the Plaintiff lacks standing. "Standing is not an affirmative defense that must be raised at risk of forfeiture. Instead, it is a

8

qualifying hurdle that plaintiffs must satisfy even if raised *sua sponte* by the court." *Cmty. First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir.1994). Gourmet Fresh's assertion thus falls outside Rule 8(c)'s affirmative defenses.

### 2. Gourmet Fresh's Remaining Defenses

Gourmet Fresh's fifth affirmative defense asserts a failure to join required parties under Federal Rule of Civil Procedure 19, couched in language that Franklin Peak LLC—not Edison Brewing Company—is the real party in interest to Plaintiff's trademark infringement claims. Both the failure to join indispensable parties and failure to meet the real-party-in-interest requirement under Fed. R. Civ. P. 17 are affirmative defenses. *See N. Dixie Theatre, Inc. v. McCullion*, 613 F. Supp. 1339, 1346 (S.D. Ohio 1985) (noting the "defense of failure to join a party under Rule 19" may be made by motion); *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 730 (6th Cir. 2016) (finding Rule 17's real-party-in-interest requirement an affirmative defense).

Gourmet Fresh asserts that "Plaintiff cannot assert trademark ownership rights that belong to Franklin Peak LLC" and that "[o]nly Franklin Peak LLC can assert infringement of rights in a mark that it owns," which would appear to raise a real-party-in-interest defense. (ECF No. 50, ¶¶ 116-117). However, Gourmet Fresh concludes its fifth affirmative defense by stating "Plaintiff has failed to join all necessary and indispensable parties to support its claims as alleged in the Second Amended Complaint," clearly invoking the language of Rule 19. (ECF No. 50, ¶ 118).

Even if Franklin Peak LLC were indispensable, which the Court assumes without deciding, failure to join an indispensable party will usually defeat a claim only if joinder of the indispensable party is impossible. *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-CV-0093, 2013 WL 3876176, at *3 (S.D. Ohio July 26, 2013). Since William Shulze owns both Edison Brewing Company and Franklin Peak LLC, and joining the latter company would not destroy subject-matter jurisdiction,

9

it is highly unlikely that joinder of Franklin Peak LLC would be impossible. For that reason, a failure to join an indispensable party defense does not survive Plaintiff's Motion to Strike, and thus this Court **STRIKES** only Paragraph 118 of Defendant's fifth affirmative defense.

Absent that paragraph, however, Gourmet Fresh's fifth affirmative defense provides fair notice to Plaintiff that it intends to assert a potential defense that Franklin Peak LLC has the sole right to sue for infringement of the EDISON mark—the hallmark of a real-party-in-interest challenge. While Edison Brewing Company argues that the defense, by disputing ownership, raises a factual question like previous affirmative defenses, the Sixth Circuit has held that "the real-party-in-interest requirement is generally viewed as 'an affirmative defense that can be waived.'" *Cranpack*, 821 F.3d at 730. To establish it, Gourmet Fresh must affirmatively prove that the substantive law creating the right being sued upon does *not* afford Edison Brewing Company a substantive right to relief. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 43 (6th Cir.1994). Thus, the Court will not strike the remainder of the defense.

In the sixth and eighth affirmative defenses, Gourmet Fresh presses that unclean hands and waiver bar Plaintiffs' Complaint. Despite Plaintiff's contention otherwise, both unclean hands and waiver are affirmative defenses. *Sprint*, 2014 WL 5469877, at \*4. Here, though not required, Gourmet Fresh has provided significant facts that, if true, would substantiate both affirmative defenses. (ECF No. 50, ¶¶ 120-126; 129-134). Both defenses have been sufficiently pled to provide Plaintiff with fair notice of the nature of the defense. *See id.*

Lastly, Gourmet Fresh's seventh affirmative defense contends that Plaintiffs' complaint is barred by Plaintiff's failure to mitigate its damages. The Court acknowledges the lack of factual substantiation in the Answer, but finds that it provides Plaintiff with fair notice of the nature of the defense. *See Sprint*, 2014 WL 5469877, at \*4 (denying motion to strike failure to mitigate defense);

10

*Sony/ATV Music Pub. LLC*, 2011 WL 4729807, at *5 (holding defense asserting that that "claims are barred by payment from other Defendants" sufficient to give plaintiffs fair notice of the nature of defense).

## V. CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Edison Brewing Company's Motion to Dismiss (ECF No. 43) and **GRANTS IN PART** and **DENIES IN PART** its Motion to Strike (ECF No. 52).

**IT IS SO ORDERED.**

**3/28/2022**                               **s/Edmund A. Sargus, Jr.**
**DATE**                                  **EDMUND A. SARGUS, JR.**
                                             **UNITED STATES DISTRICT JUDGE**